Nash,' O. J.
 

 The plaintiff, as sheriff of McDowell county, had in his hands a writ against Wesley Barrett, at the instance of one Hiram Taylor, which he duly executed, and took from said Barrett a bail bond according to law, with defendant, Glass, as surety. This bond the plaintiff neglected to assign to Taylor. Judgment was obtained against Barrett by Taylor, and the latter, having fixed the plaintiff as special bail of Barrett, a judgment under a
 
 sci. fa.
 
 was obtained against him, which he duly paid. The action is brought against Glass, the surety on the bail bond of Barrett, to recover the amount of the judgment so paid by the plaintiff.
 

 By the Act of 1836, ch. 10, sec. 1, Rev. Stat., every officer, who executes a writ, is required to take a bail'bond from the defendant and to return it with the writ; and by the 2nd section, he is required to assign it to the plaintiff; in the samé section it is enacted, every sheriff, or other officer, failing to make such assignment, shall be deemed, held and taken as special bail, in the same manner as if no bail had been returned. The plain
 
 *354
 
 tiff then, by his neglect in assigning the bail bond to Taylor, made himself special bail, and was bound to pay to Taylor the amount of the j udgment against Barrett. This failure, however, did not nullify the bond given by the defendant, as the surety of Barrett, but simply rendered it a common law bond. By it, the defendant bound himself to plaintiff, that if Barrett did not discharge such judgment as Taylor should recover against him, he, defendant, would pay it.
 

 The action is brought on this bond as a common law'bond, and there is nothing shown by the defendant why he should not pay to the plaintiff the amount of the judgment recovered by Taylor, the condition of the bond being broken by defendant.
 

 Pee CueiaM. Judgment affirmed.